**FILED**

VANESSA L. ARMSTRONG, CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JUL 12 2013

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA                                                    PLAINTIFF

*vs.*                                            CRIMINAL ACTION NO. 3:12CR-30-JGH

NICHOLAS HANCOCK
    A/K/A NICK HANCOCK
    A/K/A "Nick_Hancock99"                                                 DEFENDANT

PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States of America, by David J. Hale,

United States Attorney for the Western District of Kentucky, and defendant, Nicholas Hancock,

and his attorney, Scott T. Wendelsdorf, have agreed upon the following:

1.      Defendant acknowledges that he has been charged in the Indictment in this case

with violating 18 U.S.C. § 2422(b).  Defendant further acknowledges that the Indictment in this

case seeks forfeiture, pursuant to 18 U.S.C. § 2428, of any property, real and personal, used or

intended to be used to commit or to facilitate the commission of the offense, including but not

limited to the following:

     a. Dell Inspirion bearing serial number 91X2H51;
     b. Hitachi Travelstar bearing serial number MRG2E9K8HEHG2J;
     c. Seagate 7200.8 bearing serial number 3JV5N9JN; and
     d. Hitachi Deskstar bearing serial number C2TH9SOS.

2.      Defendant has read the charge against him contained in the Indictment, and the

charge has been fully explained to him by his attorney.  Defendant fully understands the nature

and elements of the crime with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to the charge in this case.

Defendant will plead guilty because he is in fact guilty of the charge.  The parties agree to the

following factual basis for this plea:

In March 2009, a Louisville Metro Police Department Crimes Against Children
Unit Detective was conducting a child sexual exploitation investigation in Yahoo! chat
rooms.  He utilized an undercover Yahoo! and Myspace profile which depicted him as a
14-year-old girl named "Allie."

On March 17, 2009, "Allie" received a Yahoo! Instant Messenger message from a
person with the screen name "nick_hancock99."  "Nick_hancock99" stated that he was
"24 m ky louisville."  "Allie" informed him that she was, "14 f louisville."  As their
conversation progressed, "nick_hancock99" sent messages to "Allie," "u wont tell on
me," and "can i date u."  She replied, "idk," (I don't know).  During the chat,
"nick_hancock99" asked "Allie," "can i see ur belly button," and "can i run ur tummy."
Their conversation continued as they viewed each other's profiles on Myspace until
"Allie" told "nick_hancock99" she had to go.

On March 19, 2009, the two chatted again on Yahoo! Instant Messenger.  During
their conversation, "nick_hancock99" and "Allie" discussed meeting in real life to have
sex.  Within minutes of the conversation, "nick_hancock99" asked "Allie," "can i lick ur
belly button" and "can i lay you on my bed."  He then talked to "Allie" about staying the
night at his place.  He told "Allie" she would be naked and sleep with him.
"Nick_hancock99" again made reference to "Allie's" belly button by asking could he
pump and kiss it.  He then stated, "i may run a tube in ur belly button."
"Nick_hancock99" sent "Allie" a link to Mapquest with a map to his apartment.  The chat
ended when "Allie" told "nick_hancock99" that her mom wanted her to go to bed.

On March 25, 2009, the two had another conversation on Yahoo! Instant
Messenger.  During the chat they again discussed meeting for sex.  "Nick_hancock99"
asked her, "can i strip u, can i drain ur belly button, can i cut ur belly button, can i leave
you naked, can i finger ur belly button, and can i rape ur belly button."  Four days later,
the two engaged in another chat on Yahoo! Instant Messenger.  During this conversation
"nick_hancock99" asked "Allie," "can i put you to sleep."  When "Allie" asked how, he
responded that he would use a pillow.  As the chat progressed, he asked "can i drug u"
and "can i rape u."  "Allie" replied no to both of the questions.

On March 30, 2009, the two chatted on Yahoo! Instant Messenger finalizing their
plans to meet in real life.  During the conversation "nick_hancock99" asked "Allie" if he
could use scissors on her belly button.  When she replied, "omg no that would hurt," he
stated that he would numb it with "saroline" - described as "numbing stuff."  Toward the

end of the conversation, "nick_hancock99" stated that he would drug Allie with hydrocordon and then asked, "can i gag u." The chat ended with Allie signing off Yahoo! Instant Messenger.

On April 6, 2009, "Allie" and "nick_hancock99" chatted on Yahoo! Instant Messenger. He provided "Allie" with his phone number. The focus of the phone conversation was to verify a real life meeting on April 7, 2009. The two agreed to meet in front of the AutoZone at 7828 Dixie Highway in Louisville. On April 7, 2009, Louisville Metro Police detectives observed a white male walking in the parking lot of the AutoZone on Dixie Highway. At approximately 1300 hours, the white male approached an undercover detective who was a decoy posing as "Allie" in the parking lot of AutoZone. As the white male neared the decoy, he was taken into custody. Detectives learned that the white male was Nicholcas Hancock. Law enforcement officials transported Hancock to the Louisville Metro Police Department's Crimes Against Children Unit office where he waived his Miranda Rights and consented to an interview about the incident. During the interview, Hancock confirmed that he was the person chatting with "Allie." When asked about the multiple references to belly buttons, he disclosed that it was his code word for vagina.

4.     Defendant understands that the charge to which he will plead guilty carries a minimum term of imprisonment of 10 years, a combined maximum fine of $250,000.00, and supervised release of at least five years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charge to which he will plead guilty he will be ordered to forfeit, pursuant to 18 U.S.C. § 2428, of any property, real and personal, used or intended to be used to commit or to facilitate the commission of the offense, including but not limited to the following:

a. Dell Inspirion bearing serial number 91X2H51;
b. Hitachi Travelstar bearing serial number MRG2E9K8HEHG2J;
c. Seagate 7200.8 bearing serial number 3JV5N9JN; and
d. Hitachi Deskstar bearing serial number C2TH9SOS.

3

5.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

6.      Defendant understands that by pleading guilty, he surrenders certain rights set forth below.  Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.      If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial.  The trial could either be a jury trial or a trial by the judge sitting without a jury.  If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other evidence in his own behalf.  If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.      At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify.  If defendant desired to do so, he could testify in his own behalf.

7.      Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing.  Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

8.      Defendant understands that he may be responsible for a fine, costs of prosecution,

costs of incarceration and supervision which may be required. All financial matters are left to be

addressed at sentencing.

9.      Defendant acknowledges liability for the special assessment mandated by 18

U.S.C. § 3013 and will pay the assessment in the amount of $100.00 to the United States District

Court Clerk's Office **by** the date of sentencing.

10.     At the time of sentencing, the United States will

> -agree that a sentence of 60 months' imprisonment followed by a
> life term of Supervised Release is the appropriate disposition of
> this case.
>
> -ask the Court to recommend placement in a Bureau of Prisons medical facility to
> address defendant's physical and other issues, including sex offender treatment.
>
> -demand forfeiture, pursuant to 18 U.S.C. § 2428, of any property, real and
> personal, used or intended to be used to commit or to facilitate the commission of
> the offense, including but not limited to the following:
>> a. Dell Inspirion bearing serial number 91X2H51;
>> b. Hitachi Travelstar bearing serial number MRG2E9K8HEHG2J;
>> c.  Seagate 7200.8 bearing serial number 3JV5N9JN; and
>> d. Hitachi Deskstar bearing serial number C2TH9SOS.

11. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742

affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and

voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence

pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) unless based on claims of

ineffective assistance of counsel or prosecutorial misconduct, to contest or collaterally attack his

conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

5

12.     This Agreement is entered into by the United States on the basis of the express representation of defendant that he is making a full and complete disclosure of all assets over which he exercises control.  Defendant agrees to the forfeiture of any interest he or his nominees may have in the following assets which he owns or over which he exercises control:

a. Dell Inspirion bearing serial number 91X2H51;
b. Hitachi Travelstar bearing serial number MRG2E9K8HEHG2J;
c.  Seagate 7200.8 bearing serial number 3JV5N9JN; and
d. Hitachi Deskstar bearing serial number C2TH9SOS.

13.     By this Agreement, defendant agrees to forfeit all interests in the properties listed in paragraph 12 above and to take whatever steps are necessary to pass clear title to the United States.  These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

14.   Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment.  Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

15.     Nothing in this Agreement shall protect defendant in any way from prosecution for any offense committed after the date of this Agreement, including perjury, false declaration, or false statement, in violation of 18 U.S.C. §§ 1621, 1623, or 1001, or obstruction of justice, in violation of 18 U.S.C. §§ 1503, 1505, or 1510.  Should defendant be charged with any offense alleged to have occurred after the date of this Agreement, any information and documents

6

disclosed to the United States during the course of the case could be used against defendant in any such prosecution.

16.    Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense covered by this Agreement.

17.    The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18.    Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

19.    If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto. Defendant will be allowed to withdraw the plea of

7

guilty and the United States, upon defendant's conviction, will be free to seek imposition of any sentence supported by the law and facts of the case.

20.     Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

21.     This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

DAVID J. HALE
United States Attorney

By:

_____            _____
Jo E. Lawless                                                    Date            7/12/2013
Assistant United States Attorney


        I have read this Agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

_____            _____
Nicholas Hancock                                            Date            7/12/13
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this Agreement with the defendant.  To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____       _7/12/13_____

Scott T. Wendelsdorf                     Date
Counsel for Defendant

DJH:JEL;130617